IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01086-CMA
Criminal Action No. 18-cr-00536-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS POSADA-CARDENAS,

    Defendant.

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 171). The Motion is denied for the following reasons.

## I.    BACKGROUND

Defendant pled guilty to (1) conspiracy to possess with the intent to distribute 500 grams or more of cocaine (21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846); and (2) possession of a firearm during and in furtherance of a drug-trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). (Docs. ## 55-56, 151). He was sentenced to a total of 120 months in prison followed by four years of supervised release. (Doc. # 151).

Defendant now contends that his sentence must be vacated. He argues that (1) his firearm conviction is unconstitutional in light of *United States v. Davis*, 139 S. Ct. 2319 (2019); and (2) his rights under the Speedy Trial Act were violated.

## II.    STANDARD OF REVIEW

### A. STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A § 2255 petition "attacks the legality of detention...and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if the motion and other documents before the court "conclusively show that [the d]efendant is not entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also See Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975)

### B. PRO SE STANDARD OF REVIEW

Because Defendant is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court

2

is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movants] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

### III.   DISCUSSION

#### A. DEFENDANT WAIVED THE RIGHT TO BRING THIS MOTION

As an initial matter, Defendant's Motion must be denied because Defendant expressly waived the right to challenge his sentence. (Doc. # 56). Before pleading guilty to these offenses, Defendant, with the advice of counsel, signed a plea agreement in which he "knowingly and voluntarily" waived the right to challenge his "prosecution, conviction, or sentence in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." (Doc. #56, p. 2). Defendant does not challenge the validity of his plea agreement. Therefore, Defendant is barred from bringing this challenge.

Further, even if Defendant had not waived his right to bring this Motion, his arguments still fail on the merits for the reasons discussed below.

### B. DEFENDANT'S FIREARM CONVICTION REMAINS VALID AFTER *United States v. Davis*

Defendant first contends that his firearm conviction must be vacated as unconstitutional pursuant *United States v. Davis*, 139 S. Ct. 2319 (2019). This argument is incorrect.

*Davis* involved a challenge to the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B). *Davis*, 139 S.Ct. at 2323-24. The *Davis* defendants had been convicted under § 924(c)(3)(B) of possessing firearms during a "crime of violence" – namely, a string of robberies. The defendants argued that those convictions could not stand because the definition of "crime of violence" in § 924(c)(3)(B) was unconstitutionally vague. *Id.* at 2324. The Supreme Court agreed. *Id.*

This case, by contrast, does not involve possession of firearms during a "crime of violence"; rather, it involves possession of a firearm during and in furtherance of a drug-trafficking crime. (Doc. # 151). That offense is governed by a separate statutory provision – § 924(c)(2) – that was not at issue in *Davis*. *Davis* did not address § 924(c)(2), and that provision remains valid after the *Davis* decision. *See, e.g. U.S. v. Txai Tay HER,* 2020 WL 1550890 (10th Cir. Apr. 1, 2020) (Davis only provides relief from convictions "for using . . . a firearm during ... a crime of violence"); *U.S. v. Nietfeld*, 2019 WL 7116089, at *2 (D. Kan. Dec. 23, 2019) (*Davis* has no impact on "possession of a firearm in furtherance of a drug trafficking crime"). Therefore, Defendant's conviction and sentence are unaffected by *Davis*.

Defendant also argues that "[c]onspiracy to commit a crime can not support a conviction for use of firearm" under § 924(c). Defendant cites no authority to support this position, and there is substantial authority to the contrary. *See, e.g. U.S. v. Rodriguez*, 735 F.3d 1, 9 (1st Cir. 2013) (upholding conviction under § 924(c) based on firearm possession in connection with drug-trafficking conspiracy); *U.S. v. Chavez*, 549 F. 3d 119, 131-32 (2nd Cir. 2008) (same); *U.S. v. Seymour*, 519 F. 3d 700 (7th Cir., 2008) (same). Therefore, Defendant's sentence will not be vacated on that basis.

## C. DEFENDANT WAIVED HIS RIGHTS UNDER THE SPEEDY TRIAL ACT

Defendant next contends that his convictions violated the Speedy Trial Act and must therefore be vacated. This argument, too, is incorrect.

The Speedy Trial Act, 18 U.S.C. §§ 3161-62, provides that a criminal defendant must be brought to trial within seventy days of either the date charges were filed or the date of defendant's first appearance on the case, whichever is later. 18 U.S.C. §§ 3161(c)(1), 3162(a)(2). However, a defendant may request an extension of the seventy-day time limit, and if granted, the extension is excluded from the 70-day speedy trial time period. 18 U.S.C. § 3161(h)(7)(A).

In this case, Defendant requested a ninety-day extension of the speedy trial deadline so that his attorney would have additional time prepare his defense. (Doc. # 33). This Court granted the requested extension, (Doc. # 34), and Defendant pled guilty before the extended deadline (Docs. ## 55-57). Therefore, Defendant's rights under the Speedy Trial Act were not violated.

Defendant argues, however, that "§ 3161(h)(8)(c) prohibits the grant of a continuance based upon the 'lack of diligent preparation on the part of the government.'" As explained above, the continuance in question was granted at Defendant's request, not based on the government's conduct. (Docs. ## 33-34). Therefore, this argument fails.

Defendant further contends that "the Court did not conduct the necessary balancing of factors required by § 3161(h)(5)(B)."[1] This contention is also is incorrect: the Court considered the factors outlined in § 3161, and concluded "that the ends of justice served by granting [Defendant's] motion outweigh[ed] the best interests of the public and the Defendant in a speedy trial. (Doc. #34). Therefore, Defendant is not entitled to have his sentences vacated on this basis.

Further, Defendant's speedy-trial argument fails because Defendant waived the issue. The Speedy Trial Act provides that if the defendant does not move for dismissal of the charges against him "prior to trial or entry of a plea of guilty," his failure to do so "shall constitute a waive of the right to dismissal" based on the Speedy Trial Act. 18 U.S.C. § 3162(a)(2). In this case, Defendant did not seek dismissal under the Speedy Trial Act before he pled guilty on April 10, 2020. Therefore, he waived the right to dismissal under the Act, and he is not entitled to have his sentence vacated on that basis.

---

[1] The statutory provision cited by Defendant does not exist. It appears Defendant intended to refer to §3161(h)(7)(B), which provides a list of factors for the court's consideration when deciding whether to extend the speedy-trial deadline.

## IV. CONCLUSION

Based on the foregoing, Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 171) is DENIED.

DATED: October 19, 2020

                                          BY THE COURT:

                                          CHRISTINE M. ARGUELLO
                                          United States District Judge